```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| SHERMAN COPELIN, JR. AND<br>DONNA S. COPELIN | CIVIL ACTION |
| | NO. 06-4115 |
| VERSUS | |
| | SECTION B(3) |
| STATE FARM INSURANCE COMPANY | |

### ORDER AND REASONS

Before the Court are Defendant's Motion for Partial Summary Judgment on the Non-Retroactivity of the 2006 Amendments to L.R.S. 22:658 (Rec. Doc. No. 31), Plaintiff's Cross Motion for Partial Summary Judgment on this same issue (Rec. Doc. No. 53), and Defendant's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment (Rec. Doc. No. 59). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment on the Non-Retroactivity of the 2006 Amendments to L.R.S. 22:658 (Rec. Doc. No. 31) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment (Rec. Doc. No. 59) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Partial Summary Judgment on the Non-Retroactivity of the 2006

1

Amendments to L.R.S. 22:658 (Rec. Doc. No. 53) is hereby **DENIED**.

## *BACKGROUND*

Plaintiffs owned property located at 5890 Eastover Drive in New Orleans, Louisiana. Defendant State Farm Insurance Company ["State Farm"] issued an insurance policy covering Plaintiffs' property. Plaintiffs' property allegedly sustained damage as a result of Hurricane Katrina. Plaintiffs filed a sworn proof of loss on October 26, 2005. Additionally, Plaintiffs claim that they "made particular demand for Additional Living Expenses on October 12, 2005, and again on November 10, 2005" and that they "made subsequent written demands for ALE on December, 19, 2005." On December 29, 2005, Defendant paid to Plaintiffs $34,942.98 under the policy. In January 2006, Defendant informed Plaintiffs that it was not paying any additional sums under the policy because all additional damage was caused by flooding, which was an excluded loss under the policy. On August 4, 2006, Plaintiffs filed suit for additional sums under the policy as well as penalties for failure of Defendant to timely settle Plaintiffs' claims. The parties have now filed cross motions for partial summary judgment on the issue of the retroactivity of the 2006 amendments to La. Rev. Stat. Ann. § 22:658.

Defendant alleges that all of the conduct on which Plaintiffs' claims are based occurred prior to August 15, 2006, the date the amendments took effect. Thus, the amendment increasing the

potential penalty to fifty percent of the amount of damages due has no application in the instant matter.

Plaintiffs argue that they filed suit on August 29, 2006, after the amendments to La. Rev. Stat. Ann. § 22:658 became effective. They argue that the date the suit was filed should be the trigger point to start the thirty-day period under the statute. Thus, the 2006 amendments to La. Rev. Stat. Ann. § 22:658 should apply, and the potential penalty should be fifty percent of the amount of damages due.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits,

depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   Penalties Under La. Rev. Stat. Ann. § 22:658**

La. Rev. Stat. Ann. § 22:658 provides that when an insurer fails to pay an insured within thirty days after receipt of satisfactory proof of loss from the insured, and that failure is arbitrary and capricious, the insurer must pay certain penalties to the insured. La. Rev. Stat. Ann. § 22:658(B)(1). Prior to 2006, the statute provided that the penalty was twenty-five percent of the amount found to be due from the insurer to the insured. In June 2006, the Louisiana legislature amended the statute to increase the penalty to fifty percent of the amount found to be due from the insurer. *See* 2006 La. Sess. Law Serv. Act 813. These amendments took effect on August 15, 2006 and were not retroactive.

The Court in this case must determine at what point in time Plaintiffs' claim for penalties arose for the purpose of deciding whether to apply the pre- or post- amendment version of La. Rev. Stat. Ann. § 22:658. Defendant alleges that all of the conduct on which Plaintiffs' claims are based occurred prior to August 15, 2006, the date the amendments took effect. Thus, the amendment increasing the potential penalty to fifty percent of the amount of damages due has no application in the instant matter. Plaintiffs

argue, on the other hand, that they filed suit on August 29, 2008, after the amendments to La. Rev. Stat. Ann. § 22:658 became effective.  They argue that the date the suit was filed should be the trigger point to start the thirty-day period under the statute.  Thus, the 2006 amendments to La. Rev. Stat. Ann. § 22:658 should apply, and the potential penalty should be fifty percent of the amount of damages due.

*Madere v. State Farm Fire and Cas. Co.*, 2007 WL 1655553, *2 (E.D. La. 2007) addressed the issue of when an insured's claim for penalties arises for purpose of determining which version of La. Rev. Stat. Ann. § 22:658 applies.  The court in that case stated the following:

> [A]n insured's right to a penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss. (citations omitted).  The critical factor in determining the applicability of the amendment to § 658 is not whether suit was filed prior to the effective date of the amendment...but rather whether the thirty day period within which [Defendant] had to pay the claim, triggered by its receipt of "satisfactory proof of loss," expired on or after August 15, 2006.  If plaintiffs provided "satisfactory proof of loss" to defendant and the thirty (30) [day] statutory period for paying the claim elapsed prior to August, 15, 2006, the effective date of the amendment, then any penalty which plaintiffs might be entitled to would be limited to 25 percent of the loss. However, if plaintiff provided satisfactory proof of loss to defendant and the thirty day period for paying the claim elapsed after the effective date of the act, then plaintiff's right to a penalty would have arisen after the effective date of the amendment, and the

5

>    amendment would apply in determining the amount of any penalty imposed on [Defendant].

*Id*. Additionally, the Louisiana Supreme Court addressed this issue in *Sher v. Lafayette Ins. Co.*, 2008 WL 928486, *9 (La. 2008), stating the following:

>    Because the duty is a continuing one, had plaintiff not first made satisfactory proof of loss prior to the amendment of R.S. 22:658, his petition for damages served after the amendment became effective could have served as satisfactory proof, thereby triggering the time period set forth in the statute and could have subjected [Defendant] to the penalties contained in the amendment because the claim would have first arisen *after* the amendment. Further, again because the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [Defendant] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [Defendant] failed to pay within the time period contained in the statute, but after the amendment became effective, [Defendant] could have been subject to the penalties contained in the amendment because the claim would have arisen *after* the effective date of the amendment.

*Id*. Thus, as explained in *Madere* and *Sher*, the date that Plaintiffs filed suit is not necessarily the determinative factor in deciding the retroactivity issue. The real question is whether the thirty-day period in which Defendant had to pay the claim after receiving sufficient notice expired before the amendments took effect.

Defendant does not dispute that Plaintiffs filed their sworn proof of loss on October 25, 2005. The initial thirty-day period,

6

therefore, elapsed on or about November 25, 2005, before the amendments to La. Rev. Stat. Ann. § 22:658 took effect. Plaintiffs contend that they subsequently submitted demands for additional living expenses on November 10, 2005 and December 19, 2005. Even if these demands are considered additional proofs of loss triggering new thirty-day periods, these periods elapsed in late January 2006, before the amendments took effect. Finally, even though the thirty-day period triggered by the filing of Plaintiffs' Complaint on August 4, 2006 expired on September 4, 2006, after the amendments took effect, this fact would still not trigger the amendments.[1] Plaintiffs had already submitted a proof of loss in 2005, and there is no evidence from the face of Plaintiffs' Complaint or from materials submitted along with these motions that Plaintiffs' Complaint contained any additional claims not covered in the earlier demands submitted to Defendant.

Thus, the Court finds that the pre-amendment version of La. Rev. Stat. Ann. § 22:658 applies and that any penalty the Plaintiffs might be entitled to is limited to twenty-five percent of the loss sustained.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment on the Non-Retroactivity of the 2006 Amendments to L.R.S.

---

[1] Although the Plaintiffs contend in their opposition to Defendant's Motion that they filed suit on August 29, 2008, the record indicates that they actually filed suit on August 4, 2008.

22:658 (Rec. Doc. No. 31) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Cross Motion for Partial Summary Judgment (Rec. Doc. No. 59) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Partial Summary Judgment on the Non-Retroactivity of the 2006 Amendments to L.R.S. 22:658 (Rec. Doc. No. 53) is hereby **DENIED**.

New Orleans, Louisiana this 16th day of July, 2008.

UNITED STATES DISTRICT JUDGE