UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SHERMAN COPELIN, JR. AND                    CIVIL ACTION
DONNA S. COPELIN
                                            NO. 06-4115
VERSUS
                                            SECTION B(3)
STATE FARM INSURANCE COMPANY


                         ORDER AND REASONS

   Before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Granting Defendant's Motion in Limine to Preclude any Evidence of or Referring to Mental Anguish.  (Rec. Doc. No. 83).  After review of the pleadings and applicable law, and for the reasons that follow,

   **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. No. 83) is **DENIED in part and GRANTED in part** as noted infra.

                            *BACKGROUND*

   This action arises from a breach of contract claim arising from damages caused by Hurricane Katrina to Plaintiffs' home located at 5890 Eastover Drive in the Eastover Subdivision in New Orleans.  At the time of the storm, Plaintiffs maintained a Homeowner's Policy with State Farm.  Plaintiffs filed a wind claim under the State Farm homeowner's policy.  Plaintiffs filed suit in this matter on August 4, 2006.  On April 25, 2008, Defendant filed a Motion in Limine to Preclude Any Evidence of or Reference to

                                 1

Mental Anguish Damages.  (Rec. Doc. No. 30).  The Court granted Defendant's motion as unopposed on June 6, 2008, because no memorandum in opposition was filed pursuant to Local Rule 7.5E and no motion to continue the hearing or motion for extension of time was received by the Court.  (Rec. Doc. No. 75).  Plaintiffs now file a motion for reconsideration of that Order.

### DISCUSSION

**A.  Motion for Reconsideration**

Fed. R. Civ. Pro. 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void;(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or(6) any other reason that justifies relief.

Plaintiffs assert that this Court has granted them leave to file for reconsideration; however, this assumption is incorrect.  The Court in its Order (Rec. Doc. No. 75) acknowledged that Plaintiffs must file a motion for reconsideration based on the appropriate Federal Rule of Civil Procedure.  In order to obtain relief under Rule 60(b), a party must show "that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the

judgment were to be set aside." *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).  Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b) relief.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).  On the other hand, a party should not be punished for his attorney's mistake absent "a clear record of delay, willful contempt or contumacious conduct."  *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980).  Here, Plaintiffs have not articulated a concrete reason for their failure to timely respond to Defendant's motion in limine.  Additionally, as developed below, Plaintiffs are not able to show likely success on the merits of their mental anguish claim.

**B.  Preclusion of Mental Anguish Damages**

La. Civ. Code art. 1998 provides that "[d]amages for nonpecuniary loss" are not recoverable in a breach of contract claim unless:

> ... the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
>
> Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

LSA-C.C. art. 1998 (1987).  Plaintiffs have submitted no evidence that Defendant State Farm intended through its failure in adjusting Plaintiff's claim to aggrieve the feelings of Plaintiffs.  Thus

this analysis turns on the nature of the insurance contract.

In *Sher v. Lafayette Insurance Co.*, the Louisiana Supreme Court upheld the court of appeal's finding that the trial court's disallowance of a jury instruction and evidence regarding mental anguish damages was not error or was harmless error. 988 So. 2d 186, 201-203 (La. 2008). Like Plaintiff in the present case, the plaintiff in *Sher* suffered property damage during Hurricane Katrina. In the ensuing suit against plaintiff's insurance company, the trial court disallowed evidence regarding mental anguish and did not issue jury instructions regarding mental anguish damages or include a line item for mental anguish on the jury verdict form. *Id*. at 201. Finding that "a commercial insurance policy is not designed to gratify nonpecuniary interests [but] is meant to protect pecuniary interests," the court focused its evaluation on whether the plaintiff provided evidence that the defendant "knew or should have known that failure to perform would cause mental anguish damages." *Id*. at 202. The Louisiana Supreme Court found that the plaintiff had not provided such evidence and upheld the appellate and trial court's findings, concluding that "there was no legal basis for the jury to have found damages for mental anguish." *Id*. at 203.

The 2008 determination in *Sher* should guide this Court in interpreting whether mental anguish awards should be provided under the Louisiana Supreme Court's interpretation of Louisiana law in *Sher*. Even if the prohibited acts of La. Rev. Stat. § 22:1220 may

4

be demonstrated by Plaintiffs, Plaintiffs have not proffered any evidence that *Sher* would not foreclose the grant of mental anguish awards in conjunction with insurance contracts, which do not seek to gratify a nonpecuniary interest, without providing evidence that the insurer "intended, through [its] failure, to aggrieve the feelings" of the insured.  LSA-C.C. art. 1998.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Rec. Doc. No. 83) is **DENIED in part** in that Plaintiffs will only be precluded from using evidence to claim mental anguish damages under La. Rev. Stat. § 22:1220 or LSA-C.C. art. 1998; however, Plaintiffs can recover, if proven, their monetary losses under the covered insurance contract, including for example statutory damages for arbitrary and capricious behavior arising from inaccurate adjusting.  *See Sher*, 988 So. 2d at 206-7.

New Orleans, Louisiana, this 10th day of October, 2008.

UNITED STATES DISTRICT JUDGE